# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES STEVEN FREEMAN**
**Plaintiff Below, Petitioner**

**vs.) No. 23-ICA-91**          (Cir. Ct. of Kanawha Cnty. Case No. 22-C-41)

**DIPIERO SIMMONS MCGINLEY & BASTRESS, PLLC**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Steven Freeman appeals the February 14, 2023, order of the Circuit Court of Kanawha County, which granted summary judgment to respondent DiPiero Simmons McGinley & Bastress, PLLC ("Law Firm"), and dismissed Mr. Freeman's complaint with prejudice. The Law Firm filed a response. Mr. Freeman did not file a reply.[1] The issue on appeal is whether the circuit court erred in finding that there was no genuine issue of material fact related to Mr. Freeman's cause of action for legal malpractice.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts of this case are undisputed. On September 18, 2013, authorities in Lewis County, West Virginia obtained an arrest warrant for Mr. Freeman, alleging the kidnapping, robbery, and murder of Maxine Stalnaker and Mary Friend. Mr. Freeman was arrested the next day and held without bond. Mr. Freeman remained incarcerated until November 8, 2013, when the Lewis County prosecuting attorney moved to dismiss those charges; that motion was granted, and Mr. Freeman was released from custody.

On July 16, 2014, a grand jury returned a two-count indictment against Mr. Freeman for the first-degree murder of Maxine Stalnaker and Mary Friend. Mr. Freeman was arrested that same day. Following his circuit court arraignment on August 18, 2014, Mr. Freeman was ordered to remain incarcerated without bond. Eventually, Mr. Freeman's case

---

[1] Mr. Freeman is represented by Sam H. Harrold, III, Esq. The Law Firm is represented by Ancil G. Ramey, Esq., Stacey Richards-Minigh, Esq., and Robert L. Bailey, Esq.

1

was assigned to a special prosecuting attorney, who would later file a motion to dismiss the pending indictment.[2]

At a hearing on August 6, 2015, the Circuit Court of Lewis County ("Lewis County") granted the motion and dismissed the case without prejudice. It also directed that a hearing order be prepared for entry as soon as possible. Lewis County then executed a Jail Release form and Mr. Freeman was released from incarceration on August 6, 2015. As basis for the release, the Jail Release form stated, "Indictment Dismissed Without Prejudice." A hearing order was prepared, and Lewis County entered the same on August 21, 2015. It is undisputed that to date, no other suspects have been subsequently arrested, charged, and convicted for the deaths of the victims.

Thereafter, Mr. Freeman retained the Law Firm to pursue claims for damages before the West Virginia Legislative Claims Commission ("Claims Commission"). On August 15, 2017, the Law Firm filed a "Petition for an Award Under W. Va. Code § 14-2-13a, or Under the General Jurisdiction of the Claims Commission." In response, the State of West Virginia filed a motion to dismiss, claiming that the petition was time barred by the two-year statute of limitations under West Virginia Code § 14-2-13a(b).

In its motion, the State of West Virginia argued that August 6, 2015, the date of the hearing and Mr. Freeman's release from custody, should control the timeliness of the August 15, 2017, petition instead of August 21, 2015, the date the final written order was entered by Lewis County. On December 11, 2020, the Claims Commission issued its written opinion, wherein it recommended to the Legislature that the claim should be denied. The Claims Commission concluded that the claim was barred by the two-year statute of limitations because pursuant to the discovery rule and the Jail Release form, the statute of limitations began to run on August 6, 2015. Accordingly, the Legislature took no further action on the petition.

On November 4, 2021, Mr. Freeman filed his complaint against the Law Firm in the Circuit Court of Kanawha County ("Kanawha County"), alleging legal malpractice based upon the legal theories of breach of contract, negligence, and breach of fiduciary duty. The factual basis for these claims was the untimely filing of the petition. On May 16, 2022, the Law Firm filed its motion for summary judgment, arguing that Mr. Freeman's claims lacked merit because contrary to the Claim Commission's opinion, the Law Firm did not violate the two-year statute of limitations. Kanawha County held a hearing on the motion on February 9, 2023, and entered its order granting the Law Firm's motion for summary judgment on February 14, 2023.

---

[2] There is no date provided in the record for when this motion to dismiss was filed.

In its order, Kanawha County found that the August 6, 2015, Jail Release form did not dismiss the indictment. Instead, it determined that the August 21, 2015, order dismissed the indictment, and that Mr. Freeman's petition was timely filed on August 15, 2015. Kanawha County then found that Mr. Freeman could not maintain his legal malpractice action against the Law Firm because his cause of action was based solely on the allegation that the petition was untimely filed. This appeal followed.

Our review of a circuit court's entry of summary judgment is *de novo*. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting a *de novo* review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser,* 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 56, 459 S.E.2d 329, 333 (1995). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337 (quotations and citations omitted).

On appeal, both parties center their arguments on which Lewis County order controls the running of the applicable statute of limitations.[3] However, we find such analysis is not necessary because application of the plain language of West Virginia Code § 14-2-13a barred Mr. Freeman from pursuing his claim in the first instance and disposes of this appeal.

At the outset, we recognize that West Virginia Code § 14-2-13a was last amended in 2020; however, we find that the 2014 version of this statute controls in this case because it was the statute in effect at the time the events surrounding Mr. Freeman arose. To that end, West Virginia Code § 14-2-13a (2014) states, in part:

> (a) *Legislative intent* -- The Legislature finds and declares that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned and innocent persons wrongly arrested, charged with a crime or imprisoned, who have subsequently been released when another person was

---

[3] Our review of the record shows that Mr. Freeman did not argue the statute of limitations before the circuit court, nor did he preserve such an objection for appeal. However, because our *de novo* standard of review permits us to dispose of this case on other grounds, in this instance, Mr. Freeman's omission is not fatal to his appeal.

arrested, prosecuted and convicted of the same criminal offense have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that affected persons should have an available avenue of redress over and above the existing tort remedies. Therefore, the Legislature intends by enactment of the provisions of this section that those innocent persons who can demonstrate that they were wrongly arrested and imprisoned or unjustly convicted and imprisoned are able to seek damages against the state for loss of liberty.

(c) *Burden of Proof* -- A claimant shall demonstrate by clear and convincing evidence that they were unjustly arrested and imprisoned or unjustly convicted and imprisoned, and the court shall, in the interest of justice, give due consideration to difficulties of proof caused by the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf. Specifically, the following shall be proven by clear and convincing evidence:

(1)(A) The claimant has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of confinement, and has served all or any part of the sentence; or
(B) The claimant has been arrested and confined, and charged by warrant, information, or any other accusatory instrument for one or more felonies or misdemeanors, and that the charges were dismissed against the claimant; when another person was subsequently charged, arrested, and convicted of the same felony or felonies, or misdemeanors, or;
(2)(A) Another person was subsequently charged, arrested and convicted of the same felony or felonies or misdemeanors;
(B) The claimant has been pardoned upon the ground of innocence of the crime or crimes for which the claimant was sentenced and which are the grounds for the complaint; or
(C) The claimant's judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either the claimant was found not guilty at the new trial or the claimant was not retried and the accusatory instrument dismissed; and
(3) The claimant did not by his or her own conduct cause or bring about his or her conviction.

First, we find that Mr. Freeman was never convicted of any of the alleged crimes, and, thus, he cannot prove those grounds directly related to a conviction under this statute; more specifically, he cannot prove the factors set forth in West Virginia Code §§ 14-2-13a(c)(1)(A), -13a(c)(2)(B), -13a(c)(2)(C), or -13a(c)(3). This would require Mr. Freeman to proceed under one of the two remaining grounds for relief.

4

West Virginia Code § 14-2-13a(c)(1)(B) (2014) requires Mr. Freeman to offer clear and convincing evidence that he "has been arrested and confined, and charged by warrant, information, or any other accusatory instrument for one or more felonies or misdemeanors, and that the charges were dismissed against the claimant; *when another person was subsequently charged, arrested, and convicted of the same felony or felonies, or misdemeanors.*" (emphasis added). Whereas West Virginia Code §14-2-13a(c)(2)(A) requires Mr. Freeman to prove, "[a]nother person was subsequently charged, arrested and convicted of the same felony or felonies or misdemeanors[.]"

In order to recover in claim for legal malpractice, our Supreme Court of Appeals has stated: "Generally, in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." Syl. Pt. 1, *Calvert v. Scharf,* 217 W. Va. 684, 685, 619 S.E.2d 197, 198 (2005). Critically, it is undisputed that another person has not been "charged, arrested, and convicted" of the crimes that were dismissed against Mr. Freeman. *See* W. Va. Code §§14-2-13a(c)(1)(B) and -13a(c)(2)(A).

Because Mr. Freeman cannot prove this factor, we find that he has failed to plead a prima facie cause of action and, thus, he has no valid claim for relief under West Virginia Code § 14-2-13a. As a result, we further find that Mr. Freeman cannot prove the proximate cause element of his legal malpractice case. In other words, because he cannot meet his burden of proof under West Virginia Code § 14-2-13a, there are no genuine issues of material fact and, consequently, Mr. Freeman cannot show that "but for" the Law Firm's untimely filing of his petition, he would have recovered.[4]

---

[4] While we dispose of this case on other grounds, we note that the Claims Commission can only make non-binding claim recommendations to the Legislature. *See State ex rel. Ladanye v. W. Va. Legis. Claims Comm'n*, 242 W. Va. 420, 429, 836 S.E.2d 71, 80 (2019) ("[T]he [Legislative] Claims Commission's opinion is merely a recommendation that is subject to further review of the Legislature and is not binding on the Legislature."). Furthermore, only the Legislature has the authority to waive our state's sovereign immunity and authorize the payment of such claims. *State ex rel. McLaughlin v. W. Va. Ct. of Claims*, 209 W. Va. 412, 415, 549 S.E.2d 286, 289 (2001) (noting that only the Legislature can authorize the payment of Commission claims that are otherwise subject to our state's sovereign immunity). Thus, because proof of proximate cause in this case would necessarily require the plaintiff to show that the Legislature would have exercised its discretion and waived our state's sovereign immunity to pay the subject claim, and because such a conclusion would be speculative at best, we find it difficult to envision a scenario wherein a plaintiff would succeed on the merits of a legal malpractice cause of action based upon a claim filed with the Claims Commission.

Although we have resolved this matter on other grounds, we agree with the circuit court that this case presents no genuine issues of material fact, and that Mr. Freeman cannot prevail on his action for legal malpractice. Accordingly, we affirm the circuit court's February 14, 2023, summary judgment order.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear